UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCHELLE HODGES, | CIVIL ACTION NO.: |
| Plaintiff | |
| v. | |
| THE GLENHOLME SCHOOL, CLAUDIA NICHOLAS, STEPHEN NICHOLAS, JOHN DOE ONE, JOHN DOE TWO, and JOHN DOE THREE, | |
| Defendants | |
| | July 30, 2015 |

## COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1.      This case arises out of the sexual abuse in Connecticut of Plaintiff Schelle Hodges when she was a minor by Defendant Claudia Nicholas, a school nurse negligently supervised by Defendant The Glenholme School, a private, coeducational boarding school in Washington, Connecticut, and by Defendants John Doe One, John Doe Two, and John Doe Three, the identity of whom are presently unknown to the Plaintiff. The Plaintiff met Defendant Claudia Nicholas at Defendant The Glenholme School, where the Plaintiff was a student and Defendant Claudia Nicholas was a school nurse. The sexual abuse of the Plaintiff by Defendant Claudia Nicholas occurred both on the campus of Defendant The Glenholme School and at Defendant Claudia Nicholas's home in Connecticut, where the Plaintiff was also sexually abused

by Defendant Claudia Nicholas's husband, Defendant Stephen Nicholas.

2.     The Plaintiff now seek damages for her personal injuries pursuant to the common law of Connecticut.

## STATEMENT OF JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of California, the Defendants are citizens Connecticut, and the amount in controversy, without interest and costs, exceeds the sum or value of $75,000.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part, if not all, of the events giving rise to the Plaintiff's claims occurred in this District.

## PARTIES

5.     Plaintiff Schelle Hodges is an individual who is a citizen of the State of California.

6.     Defendant The Glenholme School is a private, coeducational boarding school located in Washington, Litchfield County, Connecticut. In or around 1981 and 1982 Defendant The Glenholme School was operated as an unincorporated association with a principal place of business in Washington, Connecticut.

7.     Defendant Claudia Nicholas is an individual who is a citizen of the State of Connecticut with a domicile in Torrington, Connecticut.

8.     Defendant Stephen Nicholas is an individual who is a citizen of the State of Connecticut with a domicile in Warren, Connecticut.

9. Defendants John Doe One, John Doe Two, and John Doe Three are individuals, the identity of whom are presently unknown to the Plaintiff; therefore, the Plaintiff files the above-captioned action against Defendants John Doe One, John Doe Two, and John Doe Three by such fictitious names. At all relevant and material times, Defendants John Doe One, John Doe Two, and John Doe Three were or had been supervisors at Defendant The Glenholme School who had a duty to hire, supervise, direct, and retain Defendant Claudia Nicholas.

### STATEMENT OF FACTS

10. In approximately 1981 and approximately 1982, Defendant Claudia Nicholas was employed as a school nurse at Defendant The Glenholme School, with responsibilities that included, among other things, counseling, guiding, supervising, and caring for the physical well-being of minor children who were students at Defendant The Glenholme School, or otherwise interacting with minor children who were students at Defendant The Glenholme School.

11. In approximately the spring of 1981, when the Plaintiff was approximately thirteen years old, the Plaintiff entered Defendant The Glenholme School as a full time student. The Plaintiff continued as a full time student at Defendant The Glenholme School from approximately the spring of 1981 when the Plaintiff was approximately thirteen years old through approximately the spring of 1982 when the Plaintiff was approximately fourteen years old.

12. The Plaintiff lived on the campus of Defendant The Glenholme School

as a residential student throughout the time that Plaintiff attended Defendant The Glenholme School. As a residential student, the Plaintiff lived on the campus of Defendant The Glenholme School during the school week and on most weekends, but spent some weekends off campus at her parents' home in Westport, Connecticut.

13. In approximately 1981, when the Plaintiff was approximately thirteen or approximately fourteen years old, the Plaintiff met Defendant Claudia Nicholas in the school nurse's office on the campus of Defendant The Glenholme School when the Plaintiff went to the school nurse's office on the campus of Defendant The Glenholme School for treatment of a stomach ache. Defendant Claudia Nicholas befriended the Plaintiff and Defendant Claudia Nicholas and the Plaintiff began to spend time together in the school nurse's office on numerous subsequent occasions. Defendant Claudia Nicholas sometimes had the Plaintiff removed from class or from the Plaintiff's dormitory in order to spend time with Defendant Claudia Nicholas in the school nurse's office.

14. Beginning in approximately 1981, when the Plaintiff was approximately thirteen or approximately fourteen years old, and continuing into approximately 1982 when the Plaintiff was approximately fourteen years old, Defendant Claudia Nicholas repeatedly sexually abused the Plaintiff in the school nurse's office on the campus of Defendant The Glenholme School by, among other things, Defendant Claudia Nicholas kissing the Plaintiff on the lips; Defendant Claudia Nicholas fondling the Plaintiff's body, including the Plaintiff's breasts and genitals, skin-on-skin; and Defendant Claudia Nicholas digitally penetrating the Plaintiff's vagina; all for the

purposes of Defendant Claudia Nicholas's sexual gratification.

15.     Beginning in approximately 1981, when the Plaintiff was approximately thirteen or approximately fourteen years old, and continuing into approximately 1982 when the Plaintiff was approximately fourteen years old, Defendant Claudia Nicholas repeatedly brought the Plaintiff with her to Defendant Claudia Nicholas's home under the pretext of having the Plaintiff act a babysitter for Defendant Claudia Nicholas's son. Defendant Claudia Nicholas's home was located near the campus of Defendant The Glenholme School, and Defendant Claudia Nicholas and the Plaintiff walked from the Plaintiff's dormitory residence on the campus of Defendant The Glenholme School to Defendant Claudia Nicholas's home. With regard to the Plaintiff's multiple removals from the Plaintiff's dormitory residence on the campus of Defendant The Glenholme School for these visits to Defendant Claudia Nicholas's home, Defendant Claudia Nicholas had such removals approved by the Plaintiff's supervisors at Defendant The Glenholme School and Defendant Claudia Nicholas's supervisors at Defendant The Glenholme School. Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three knew or should have known that Defendant Claudia Nicholas numerous times took the Plaintiff off of the campus of Defendant The Glenholme School to Defendant Claudia Nicholas's home.

16.     On at least some of the occasions when the Plaintiff was at Defendant Claudia Nicholas's home, Defendant Claudia Nicholas gave the Plaintiff alcohol to drink or marijuana to smoke, and on these occasions the Plaintiff felt the effects of the alcohol or the marijuana.

17.     When the Plaintiff was at Defendant Claudia Nicholas's home, Defendant Claudia Nicholas repeatedly sexually abused the Plaintiff by forcing the Plaintiff against her will to participate in various sexual acts with Defendant Claudia Nicholas, including Defendant Claudia Nicholas kissing the Plaintiff on the Plaintiff's lips; Defendant Claudia Nicholas fondling the Plaintiff's breasts and genitals, skin-on-skin; Defendant Claudia Nicholas digitally penetrating the Plaintiff's vagina; Defendant Claudia Nicholas performing oral sex on the Plaintiff; and Defendant Claudia Nicholas coercing the Plaintiff to perform oral sex on Defendant Claudia Nicholas, all for the purposes of Defendant Claudia Nicholas's sexual gratification.

18.     When the Plaintiff was at Defendant Claudia Nicholas's home, Defendant Claudia Nicholas and Defendant Stephen Nicholas repeatedly sexually abused the Plaintiff by forcing the Plaintiff against her will to participate in various sexual acts with Defendant Stephen Nicholas, including Defendant Stephen Nicholas performing oral sex on the Plaintiff; Defendant Claudia Nicholas and Defendant Stephen Nicholas coercing the Plaintiff to perform oral sex on Defendant Stephen Nicholas; and Defendant Claudia Nicholas and Defendant Stephen Nicholas coercing the Plaintiff to submit to sexual intercourse with Defendant Stephen Nicholas, all for the purposes of Defendant Claudia Nicholas's sexual gratification and Defendant Stephen Nicholas's sexual gratification.

19.     When the Plaintiff was at Defendant Claudia Nicholas's home, in order to frighten the Plaintiff and make the Plaintiff compliant, Defendant Claudia Nicholas regularly physically abused the Plaintiff by, among other things, forcing the Plaintiff's

head under water in a toilet and holding the Plaintiff's head under water in a toilet.

20.     When the Plaintiff was at Defendant Claudia Nicholas's home, Defendant Claudia Nicholas regularly threatened the Plaintiff with bodily harm if the Plaintiff reported to anyone else the sexual abuse she suffered from Defendant Claudia Nicholas, and forced the Plaintiff to remain in the home and refused to allow the Plaintiff to leave the home and return to the campus of Defendant The Glenholme School until the Plaintiff promised not to reveal the sexual abuse to anyone. As a result of Defendant Claudia Nicholas's physical abuse of the Plaintiff and threats of further bodily harm to the Plaintiff, the Plaintiff did not reveal the above-described sexual abuse to anyone when the Plaintiff was a student at Defendant The Glenholme School, and felt coerced to repeatedly submit to the sexual abuse when the Plaintiff was a student at Defendant The Glenholme School.

21.     In approximately the spring of 1982 when the Plaintiff was approximately fourteen years old, on a weekend when the Plaintiff was away from Defendant The Glenholme School and at her parents' home in Westport, Connecticut, Defendant Claudia Nicholas came to the Plaintiff's parents' home in the middle of the night and tried to get the Plaintiff to leave the Plaintiff's parents' home with Defendant Claudia Nicholas. The Plaintiff's parents told Defendant Claudia Nicholas to leave. The Plaintiff did not return to Defendant The Glenholme School after this incident.

22.     As a result of Defendant Claudia Nicholas's and Defendant Stephen Nicholas's explicit sexual behavior and lewd and lascivious conduct with the Plaintiff,

the Plaintiff suffers, has suffered, and will continue to suffer in the future severe emotional distress and physical harm manifested by objective symptomatology, including but not limited to sleep problems, depression, anxiety, sadness, crying, and suicidal ideation.

23.     At all relevant and material times, Defendant Claudia Nicholas and Defendant Stephen Nicholas misrepresented and concealed from the Plaintiff the wrongful nature of the explicit sexual behavior and lewd and lascivious conduct and that such explicit sexual behavior and lewd and lascivious conduct could harm the Plaintiff.

24.     As a result of said explicit sexual behavior and lewd and lascivious conduct in which Defendant Claudia Nicholas and Defendant Stephen Nicholas engaged with the Plaintiff, the Plaintiff is unable at this time to fully disclose in complete detail to what degree Defendant Claudia Nicholas and Defendant Stephen Nicholas did abuse the Plaintiff emotionally and physically.

### CLAIMS FOR RELIEF

#### PLAINTIFF'S FIRST CLAIM for RELIEF

**Plaintiff Schelle Hodges v. Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three**
**Negligent Hiring, Retention, Direction, and Supervision**

25.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

26.     At all relevant and material times, the responsibilities of Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three (hereinafter

referred to as "the Supervisory Defendants") included the hiring, retention, direction, and supervision of individuals to work at Defendant The Glenholme School where those individuals would be counseling, guiding, supervising, and caring for the physical well-being of minor children who were students at Defendant The Glenholme School, or otherwise interacting with minor children who were students at Defendant The Glenholme School.

27.     At all relevant and material times, the responsibilities of the Supervisory Defendants included hiring Defendant Claudia Nicholas as a school nurse of Defendant The Glenholme School, or approving Defendant Claudia Nicholas's employment as a school nurse at Defendant The Glenholme School; retaining Defendant Claudia Nicholas as a school nurse at Defendant The Glenholme School; directing Defendant Claudia Nicholas as an employee of Defendant The Glenholme School, including providing direction for her interactions with minor children; and supervising Defendant Claudia Nicholas as an employee of Defendant The Glenholme School, including providing supervision for her interactions with minor children.

28.     At all relevant and material times, the Supervisory Defendants knew or should have known that Defendant Claudia Nicholas would interact and was interacting with minor children who were students at Defendant The Glenholme School, including, more specifically, the Plaintiff.

29.     At all relevant and material times, the Supervisory Defendants had a special relationship with Defendant Claudia Nicholas, a school nurse who was

employed at Defendant The Glenholme School.

30.     At all relevant and material times, the Supervisory Defendants had a special relationship with the Plaintiff, a minor child who was a full time residential student at Defendant The Glenholme School.

31.     At all relevant and material times, the Supervisory Defendants had a duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who would be asked to counsel, guide, supervise, and care for the physical well-being of minor children who were students at Defendant The Glenholme School, or otherwise interact with minor children who were students at Defendant The Glenholme School.

32.     At all relevant and material times, the Supervisory Defendants had a duty to establish and implement reasonable safety protocols to protect minors, such as Plaintiff, who attended Defendant The Glenholme School.

33.     At all relevant and material times, the Supervisory Defendants breached their duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who would be asked to counsel, guide, supervise, and care for the physical well-being of minor children who were students at Defendant The Glenholme School, or otherwise interact with minor children who were students at Defendant The Glenholme School, by hiring Defendant Claudia Nicholas or approving Defendant Claudia Nicholas's employment at Defendant The Glenholme School; by retaining Defendant Claudia Nicholas in Defendant Claudia Nicholas's employment at Defendant The Glenholme School; and by their failure to exercise the

care of a reasonable person in their direction and supervision of Defendant Claudia Nicholas's interactions with minor children who were students at Defendant The Glenholme School, including the Plaintiff. At all relevant and material times, the Supervisory Defendants knew or should have known Defendant Claudia Nicholas was of bad character and reputation and unfit to properly interact with minor children who were students at Defendant The Glenholme School, including, more specifically, the Plaintiff, and that Defendant Claudia Nicholas engaged in, or was engaging in, the intentional and negligent conduct with the Plaintiff as described above. The Supervisory Defendants further breached their duty of care to properly hire, retain, direct, and supervise by failing to establish and implement reasonable safety protocols to protect minors such as the Plaintiff.

34.    At all relevant and material times, the Supervisory Defendants knew or should have known that Defendant Claudia Nicholas's intentional and negligent conduct as described above would result in severe mental and emotional suffering by a victim of such conduct, including the Plaintiff.

35.    As a direct and proximate result of the Supervisory Defendants' negligent conduct, the Plaintiff has suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including objective corroboration of said mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

36.    By reason of the foregoing, the Supervisory Defendants are liable to the

Plaintiff for negligent hiring, retention, direction, and supervision, in an amount to be proved at trial.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF

**Plaintiff Schelle Hodges v. Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three**
**Breach of Fiduciary Duty**

37.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

38.     At all relevant and material times, Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three knew or should have known that Defendant Claudia Nicholas was providing teaching, guidance, and supervision to minor children who were students at Defendant The Glenholme School, including the Plaintiff.

39.     At all relevant and material times, Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three knew or should have known that Defendant Claudia Nicholas was spending significant time with, and interacting with, minor children who were students at Defendant The Glenholme School, including the Plaintiff, without other adults present.

40.     At all relevant and material times, Defendant Claudia Nicholas, as a school nurse at Defendant The Glenholme School, was in a position that the minor children who were students at Defendant The Glenholme School, including the Plaintiff, would believe that they could trust Defendant Claudia Nicholas.  At all relevant and material times, Defendants The Glenholme School, John Doe One, John

Doe Two, and John Doe Three knew that because of Defendant Claudia Nicholas's position at Defendant The Glenholme School, the minor children attending Defendant The Glenholme School, including the Plaintiff, would believe they could trust Defendant Claudia Nicholas.

41.     At all relevant and material times, Defendant Claudia Nicholas, as a school nurse at Defendant The Glenholme School, was in a position that the minor children who were students at Defendant The Glenholme School, including the Plaintiff, would have confidence that the conduct Defendant Claudia Nicholas engaged in was to further their best interests. At all relevant and material times, Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three knew that because of Defendant Claudia Nicholas's position at Defendant The Glenholme School, the minor children attending Defendant The Glenholme School, including the Plaintiff, would have confidence that the conduct Defendant Claudia Nicholas engaged in was to further their best interests.

42.     At all relevant and material times, Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three each had a fiduciary obligation to the Plaintiff.

43.     As fiduciaries of the Plaintiff, Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three each had a duty to represent, protect, and further the Plaintiff's best interests, including providing safe teaching, guidance, counseling, and supervision to the Plaintiff.

44.     At all relevant and material times, Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three each breached their fiduciary duty to the Plaintiff, by, inter alia, appointing Defendant Claudia Nicholas to a position which vulnerable minors would respect and would cause vulnerable minors to believe they could trust Defendant Claudia Nicholas; by allowing Defendant Claudia Nicholas to have opportunities for engaging in explicit sexual behavior and lewd and lascivious conduct with minors; by failing to establish and implement reasonable safety protocols to protect minors such as Plaintiff; by allowing Defendant Claudia Nicholas to engage in the explicit sexual behavior and lewd and lascivious conduct with the Plaintiff as described above; by failing to timely warn the Plaintiff or the Plaintiff's family that Defendant Claudia Nicholas posed an unreasonable risk to minor children; and by failing to timely notify the Plaintiff or the Plaintiff's family that Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three had information indicating that Defendant Claudia Nicholas had acted inappropriately with minor children at or about the time the Plaintiff was a student at Defendant The Glenholme School.

45.     As a direct and proximate result of the breach of fiduciary duty by Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

46.     By reason of the foregoing, Defendants The Glenholme School, John Doe One, John Doe Two, and John Doe Three are liable to the Plaintiff for breach of fiduciary duty in an amount to be proved at trial.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### Plaintiff Schelle Hodges v. Defendant Claudia Nicholas
### Assault

47.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

48.     By engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct with the Plaintiff described above, Defendant Claudia Nicholas acted intentionally so as to cause harmful and offensive contact with the Plaintiff.

49.     By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant Claudia Nicholas placed the Plaintiff in imminent and reasonable apprehension of said harmful and offensive contact.

50.     As a direct and proximate result of Defendant Claudia Nicholas placing the Plaintiff in imminent and reasonable apprehension of harmful and offensive contact, the Plaintiff suffered and will continue to suffer in the future:  severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

51.     By reason of the foregoing, Defendant Claudia Nicholas is liable to the Plaintiff for assault in an amount to be proved at trial.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF

**Plaintiff Schelle Hodges v. Defendant Claudia Nicholas**
**Battery**

52.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

53.     By engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above, Defendant Claudia Nicholas acted intentionally so as to cause unjustified harmful and offensive physical contact and touching of the Plaintiff, and repeatedly performed such unjustified harmful and offensive physical contact and touching of the Plaintiff.

54.     As a direct and proximate result of Defendant Claudia Nicholas's unjustified harmful and offensive physical contact and touching, the Plaintiff suffered and will continue to suffer in the future:  severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

55.     By reason of the foregoing, Defendant Claudia Nicholas is liable to the Plaintiff for battery in an amount to be proved at trial.

### PLAINTIFF'S FIFTH CLAIM FOR RELIEF

**Plaintiff Schelle Hodges v. Defendant Claudia Nicholas**
**Intentional Infliction of Emotional Distress**

56.     The Plaintiff repeats, realleges, and incorporates by reference herein

each and every allegation heretofore pleaded in this Complaint.

57.     By engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above, Defendant Claudia Nicholas intended to inflict emotional distress upon the Plaintiff, or Defendant Claudia Nicholas knew or should have known that emotional distress was the likely result of Defendant Claudia Nicholas's conduct.

58.     The actions of Defendant Claudia Nicholas in engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above were extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

59.     As a direct and proximate result of Defendant Claudia Nicholas's explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

60.     The mental distress and emotional injuries which the Plaintiff suffered and will continue to suffer were severe, and of a nature that no reasonable person could be expected to endure them.

61.     By reason of the foregoing, Defendant Claudia Nicholas is liable to the Plaintiff for intentional infliction of emotional distress in an amount to be proved at trial.

<strong>PLAINTIFF'S SIXTH CLAIM FOR RELIEF</strong>

<strong>Plaintiff Schelle Hodges v. Defendant Claudia Nicholas</strong><br><strong><u>Negligent Infliction of Emotional Distress</u></strong>

62.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

63.     In her capacity as a school nurse at The Glenholme School, Defendant Claudia Nicholas had a duty of care to properly and safely teach, direct, counsel, and supervise minor children who were students at The Glenholme School, including the Plaintiff.

64.     Defendant Claudia Nicholas negligently breached such duty by failing to exercise the care of a reasonable person in her teaching, direction, counseling, and supervision of the Plaintiff, in that she violated boundaries concerning appropriate and inappropriate touchings between an adult staff member at a private boarding school and a minor child under her supervision and in her care by engaging in the conduct described above.

65.     At all relevant times to this action, Defendant Claudia Nicholas knew or should have known that violating boundaries concerning appropriate and inappropriate touchings and interactions by engaging in the conduct described above would result in severe mental and emotional suffering by the Plaintiff.

66.     As a direct and proximate result of Defendant Claudia Nicholas's negligent conduct, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including objective

corroboration of said mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

67.     A reasonable person in the Plaintiff's position would have suffered extreme mental distress and emotional injuries under these circumstances.

68.     By reason of the foregoing, Defendant Claudia Nicholas is liable to the Plaintiff for negligent infliction of emotional distress in an amount to be proved at trial.

**PLAINTIFF'S SEVENTH CLAIM FOR RELIEF**

**Plaintiff Schelle Hodges v. Defendant Claudia Nicholas**
**False Imprisonment**

69.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

70.     In order to coerce the Plaintiff into promising not to reveal Defendant Claudia Nicholas's sexual abuse of the Plaintiff, Defendant Claudia Nicholas on multiple occasions unlawfully detained the Plaintiff by threatening the Plaintiff with bodily harm, forcing the Plaintiff's head under water in a toilet, and refusing to allow the Plaintiff to leave Defendant Claudia Nicholas's home until the Plaintiff promised not to reveal the sexual abuse.

71.     By reason of the unlawful detention of the Plaintiff, Defendant Claudia Nicholas deprived the Plaintiff of her personal liberty.

72.     As a direct and proximate result of the conduct of Defendant Claudia

Nicholas in wrongfully depriving the Plaintiff of her personal liberty, the Plaintiff was humiliated and suffered severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

73.    By reason of the foregoing, Defendant Claudia Nicholas is liable to the Plaintiff for false imprisonment in an amount to be proved at trial.

**PLAINTIFF'S EIGHTH CLAIM FOR RELIEF**

**Plaintiff Schelle Hodges v. Defendant Claudia Nicholas**
**Breach of Fiduciary Duty Regarding Acts of Defendant Claudia Nicholas**

74.    The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

75.    At all relevant and material times, Defendant Claudia Nicholas, as a school nurse at Defendant The Glenholme School, was in a position that the minor children who were students at Defendant The Glenholme School, including the Plaintiff, would believe that they could trust Defendant Claudia Nicholas.

76.    At all relevant and material times, Defendant Claudia Nicholas, as a school nurse at Defendant The Glenholme School, was in a position that the minor children who were students at Defendant The Glenholme School, including the Plaintiff, would have confidence that the conduct Defendant Claudia Nicholas engaged in was to further their best interests.

77.    At all relevant and material times, Defendant Claudia Nicholas had a fiduciary obligation to the Plaintiff.

78.     As a fiduciary of the Plaintiff, Defendant Claudia Nicholas had a duty to represent, protect, and further the Plaintiff's best interests, including providing safe teaching, guidance, counseling, and supervision to the Plaintiff.

79.     At all relevant and material times, Defendant Claudia Nicholas breached her fiduciary duty to the Plaintiff, by engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above, for her own gratification and benefit, and to the detriment to the Plaintiff.

80.     As a direct and proximate result of the breach of fiduciary duty by Defendant Claudia Nicholas, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

81.     By reason of the foregoing, Defendant Claudia Nicholas is liable to the Plaintiff for breach of fiduciary duty in an amount to be proved at trial.

### PLAINTIFF'S NINTH CLAIM FOR RELIEF
### Plaintiff Schelle Hodges v. Defendant Stephen Nicholas
### Assault

82.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

83.     By engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct with the Plaintiff described above, Defendant

Stephen Nicholas acted intentionally so as to cause harmful and offensive contact with the Plaintiff.

84.     By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant Stephen Nicholas placed the Plaintiff in imminent and reasonable apprehension of said harmful and offensive contact.

85.     As a direct and proximate result of Defendant Stephen Nicholas placing the Plaintiff in imminent and reasonable apprehension of harmful and offensive contact, the Plaintiff suffered and will continue to suffer in the future:  severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

86.     By reason of the foregoing, Defendant Stephen Nicholas is liable to the Plaintiff for assault in an amount to be proved at trial.

**PLAINTIFF'S TENTH CLAIM FOR RELIEF**

**Plaintiff Schelle Hodges v. Defendant Stephen Nicholas**
**Battery**

87.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

88.     By engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above, Defendant Stephen Nicholas acted intentionally so as to cause unjustified harmful and offensive physical contact

and touching of the Plaintiff, and repeatedly performed such unjustified harmful and offensive physical contact and touching of the Plaintiff.

89.     As a direct and proximate result of Defendant Stephen Nicholas's unjustified harmful and offensive physical contact and touching, the Plaintiff suffered and will continue to suffer in the future:  severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

90.     By reason of the foregoing, Defendant Stephen Nicholas is liable to the Plaintiff for battery in an amount to be proved at trial.

### PLAINTIFF'S ELEVENTH CLAIM FOR RELIEF
### Plaintiff Schelle Hodges v. Defendant Stephen Nicholas
### Intentional Infliction of Emotional Distress

91.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

92.     By engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above, Defendant Stephen Nicholas intended to inflict emotional distress upon the Plaintiff, or Defendant Stephen Nicholas knew or should have known that emotional distress was the likely result of Defendant Stephen Nicholas's conduct.

93.     The actions of Defendant Stephen Nicholas in engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct

described above were extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

94.     As a direct and proximate result of Defendant Stephen Nicholas's explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

95.     The mental distress and emotional injuries which the Plaintiff suffered and will continue to suffer were severe, and of a nature that no reasonable person could be expected to endure them.

96.     By reason of the foregoing, Defendant Stephen Nicholas is liable to the Plaintiff for intentional infliction of emotional distress in an amount to be proved at trial.

### PLAINTIFF'S TWELFTH CLAIM FOR RELIEF

### Plaintiff Schelle Hodges v. Defendant Stephen Nicholas
### Negligent Infliction of Emotional Distress

97.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

98.     As an adult who hosted minor children invited into his home, including the Plaintiff, Defendant Stephen Nicholas had a duty of care to properly and safely interact with minor children invited into his home, including the Plaintiff.

99.    Defendant Stephen Nicholas negligently breached such duty by failing to exercise the care of a reasonable person in his interactions with the Plaintiff, in that he violated boundaries concerning appropriate and inappropriate touchings between an adult and a minor child invited into his home by engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above.

100.    At all relevant times to this action, Defendant Stephen Nicholas knew or should have known that violating boundaries concerning appropriate and inappropriate touchings between an adult and a minor child invited into his home by engaging in the explicit sexual behavior and lewd and lascivious and other intentional tortious conduct described above would result in severe mental and emotional suffering by the Plaintiff.

101.    As a direct and proximate result of Defendant Stephen Nicholas's negligent conduct, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including objective corroboration of said mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

102.    A reasonable person in the Plaintiff's position would have suffered extreme mental distress and emotional injuries under these circumstances.

103.   By reason of the foregoing, Defendant Stephen Nicholas is liable to the Plaintiff for negligent infliction of emotional distress in an amount to be proved at trial.

PLAINTIFF'S THIRTEENTH CLAIM FOR RELIEF

**Plaintiff Schelle Hodges v. Defendant Claudia Nicholas**
**Breach of Fiduciary Duty Regarding Acts of Defendant Stephen Nicholas**

104.   The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

105.   At all relevant and material times, Defendant Claudia Nicholas, as a school nurse at Defendant The Glenholme School, was in a position that the minor children who were students at Defendant The Glenholme School, including the Plaintiff, would believe that they could trust Defendant Claudia Nicholas.

106.   At all relevant and material times, Defendant Claudia Nicholas, as a school nurse at Defendant The Glenholme School, was in a position that the minor children who were students at Defendant The Glenholme School, including the Plaintiff, would have confidence that the conduct Defendant Claudia Nicholas engaged in was to further their best interests.

107.   At all relevant and material times, Defendant Claudia Nicholas had a fiduciary obligation to the Plaintiff.

108.   As a fiduciary of the Plaintiff, Defendant Claudia Nicholas had a duty to represent, protect, and further the Plaintiff's best interests, including providing safe teaching, guidance, counseling, and supervision to the Plaintiff.

109.    At all relevant and material times, Defendant Claudia Nicholas breached her fiduciary duty to the Plaintiff, by allowing Defendant Stephen Nicholas to have opportunities for engaging in explicit sexual behavior and lewd and lascivious conduct with the Plaintiff when the Plaintiff was a minor child; by allowing Defendant Stephen Nicholas to engage in the explicit sexual behavior and lewd and lascivious conduct with the Plaintiff as described above; and by failing to timely warn the Plaintiff or the Plaintiff's family that Defendant Stephen Nicholas posed an unreasonable risk to minor children.

110.    As a direct and proximate result of the breach of fiduciary duty by Defendant Claudia Nicholas, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

111.    By reason of the foregoing, Defendant Claudia Nicholas is liable to the Plaintiff for breach of fiduciary duty in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Schelle Hodges respectfully demands judgment of $20,000,000.00 in damages against each Defendant for each claim Plaintiff Schelle Hodges states against each Defendant, punitive damages, plus costs, interest, attorneys' fees, and such other and further relief as this Court deems just and equitable.

### PLAINTIFF'S JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all claims so triable.

Dated:  July 30, 2015

By Plaintiff's Attorneys,

By:     /s/     Steven J. Errante
Steven J. Errante (ct04292)
SErrante@ltke.com
Marisa A. Bellair (ct23802)
mbellair@ltke.com
LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.
P.O. Box 1612
52 Trumbull Street
New Haven, CT 06510
Phone:  (203) 787-0275
Fax:  (203) 782-0278

*Of counsel:*
Mitchell Garabedian (phv04676)
garabedianlaw@msn.com
William H. Gordon (phv04677)
wgordon@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone:  (617) 523-6250